## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT NASHVILLE

| | | |
|---|---|---|
| **DONNA FAYE GLOVER ENGLAND,** | ) | From the Chancery Court of Trousdale County at Hartsville, Tennessee |
| Plaintiff/Appellant, | ) | |
| | ) | The Hon. C. K. Smith, Chancellor |
| vs. | ) | |
| | ) | Trousdale Chancery No. 6049 |
| **RICHARD PIERCEY,** | ) | Appeal No. 01A01-9507-CH-00320 |
| Defendant/Appellee. | ) | **AFFIRMED** |
| | ) | |
| | ) | Richard M. Brooks |
| | ) | Carthage, Tennessee |
| | ) | Attorney for Appellant |
| | ) | |
| | ) | Betty Lou Taylor |
| | ) | Donoho, Taylor & Taylor |
| | ) | Hartsville, Tennessee |
| | ) | Attorney for Appellee |
| | ) | |
| | ) | B. Keith Williams |
| | ) | Lebanon, Tennessee |
| | ) | Attorney for Appellee |

**FILED**

**Nov. 15, 1995**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

---

## MEMORANDUM OPINION[1]

---

*HIGHERS, J.*

This is a grandparent's visitation case. Plaintiff, Donna Faye Glover England, is the maternal grandmother of Skylar Piercey, age four. Skylar's natural mother died in December of 1993. Skylar's natural father, Richard Piercey, now refuses to allow England to see Skylar. England filed a petition for grandparent visitation. The trial court dismissed the case based upon the Tennessee Supreme Court decision of Hawk v. Hawk, 855 S.W. 2d 573 (Tenn. 1993), reasoning that Hawk allows Piercey as the natural father, to deny England the right to see Skylar in the absence of a showing of substantial harm to the child. We affirm the decision of the trial court.

In Hawk, 855 S.W. 2d 573, the Tennessee Supreme Court held that parents have

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied upon for any reason in a subsequent unrelated case.

a constitutional right of privacy in parenting decisions that may not be subjected to state interference absent a showing of substantial harm to the welfare of the child. Id. at 577. Pursuant to Hawk, therefore, a natural parent may deny a grandparent the right to visit the children unless the grandparent can establish that there exists a danger of substantial harm to the child. Id.

England contends that her case is distinguishable from Hawk because Hawk involved an intact, nuclear family, while in the present situation, no intact, nuclear family exists. In light of recent case law developments on the subject, England's contention is without merit.

This Court was presented with virtually identical facts to the case at bar in Floyd v. McNeely, No. 02A01-9408-CH-00187, 1995 WL 390954 (Tenn. App. July 5, 1995). In Floyd, the natural father of the children died and the paternal grandmother sought visitation. We expressly rejected the grandmother's contention that her case was distinguishable from Hawk because no intact, nuclear family existed. Id. at *3. We stated:

> "[W]e are convinced that [the mother's] right to parent her children as she sees fit, including a decision regarding a relationship between them and their grandmother, is no less greater than the right afforded to the married natural parents under Hawk...[W]e do not view the breakup of a nuclear family, in and of itself, to constitute a substantial harm to a child sufficient to justify state interference with a fit parent's decision to preclude a relationship between that child and his/her grandparents."

Id. at 4.

Further support for our rejection of England's argument derives from the cases of Nale v. Robertson, 871 S.W. 2d 674 (Tenn. 1994), and Simmons v. Simmons, 900 S.W. 2d 682 (Tenn. 1995). In Nale, the Tennessee Supreme Court expressly stated, "The [plaintiff's] position that this Court in Hawk limited the protection of parental rights to 'an intact, nuclear family with fit parents' is untenable." Id. at 680. Similarly, in Simmons, the Court held that the natural mother and adoptive father possessed the same right as a nuclear intact family to preclude a relationship between the paternal grandparents and the child. Id. at 9.

2

The record before us contains no evidence that there is a danger of substantial harm to Skylar, nor has England alleged any such harm. Consequently, there is no compelling state interest sufficient to justify state interference upon the right of Piercey, the natural father, to preclude a relationship between Skylar and England. It is indeed unfortunate that Piercey has elected to sever all relations between England and Skylar. This Court, however, is governed by law, rather than sentiment, and we are bound to follow the mandates of our Constitution and Supreme Court.

The judgment of the trial court is affirmed. Costs on appeal are taxed to appellant.

_____
HIGHERS, J.

CONCUR:


_____
FARMER, J.


_____
WILLIAMS, SR. J.